1  John Burton, State Bar No. 86029
   THE LAW OFFICES OF JOHN BURTON
2  414 South Marengo Avenue
   Pasadena, California  91101
3
   Telephone:   (626) 449-8300
4  Facsimile:   (626) 449-4417
   E-Mail:      jb@johnburtonlaw.com
5
   Peter M. Williamson, State Bar No. 97309
6  21800 Oxnard Street, Suite 305
   Woodland Hills, CA 91367
7
   Telephone:   (818) 226-5700
8  Facsimile:   (818) 226-5704
   E-Mail:      pmw@williamson-krauss.com
9
   Attorneys for Plaintiffs James Albert Wells and
10 Judy Wells, and as the personal representatives
   of James Wells, deceased
11

12

13                 UNITED STATES DISTRICT COURT

14                 EASTERN DISTRICT OF CALIFORNIA

15

16 JAMES ALBERT WELLS AND          Case No. 1:08-cv-1146  OWW  GSA
   JUDY WELLS,
17
                Plaintiffs,        STIPULATION OF THE PARTIES
18                                 TO A CONTINUANCE OF THE
                                   TRIAL DATE AND RELATED
19 vs.                             MODIFICATION OF THE COURT'S
                                   SCHEDULING ORDER;
20 COUNTY OF STANISLAUS,           ORDER
   et al.,
21
                Defendants.
22

23 TO THE HONORABLE COURT:

24     IT IS HEREBY STIPULATED by and between the parties to the above entitled

25 action, by and through their respective attorneys of record, and pursuant to United States

26 District Court, Eastern District of California Local Rules 83-143 and 6-144(d), as follows:

27     1.     The Court, in its scheduling order of November 20, 2008 set the following

28 dates and deadlines that are relevant to this Stipulation:

1    Non-Expert Discovery Cut-Off date: September 1, 2009;

2    Expert Designation and Reports due: September 4, 2009;

3    Expert Counter-Designations due: October 5, 2009;

4    Expert Discovery Cut-Off date: November 5, 2009;

5    Non-dispositive Motion Filing Cut-Off date: November 20, 2009;

6    Dispositive Motion Filing Cut-Off date: January 5, 2010;

7    Pre-Trial Conference Date: March 15, 2010; and

8    Trial Date: April 27, 2010.

9                            **GOOD CAUSE STATEMENT**

10    2.    As the Court is aware, plaintiffs assert numerous civil rights claims against

11  defendant County of Stanislaus ("COUNTY") and various other individual deputy sheriffs

12  and public works employees, as a result of an incident that resulted in the death of their

13  son, the decedent, James Wells.

14    3.    Prior to the filing of the instant lawsuit, plaintiffs retained the professional

15  services of attorneys Michael F. Babitzke and Jeffrey A. Silvia to represent them.  After

16  filing the instant action, Mr. Babitzke and Mr. Silvia took little or no action to advance this

17  litigation.  For example, although numerous witnesses were present during the incident

18  that led to the death of the decedent, plaintiff's counsel took no depositions of any of

19  these witnesses.  Similarly, the two principal deputy sheriffs who were involved in this

20  incident refused to give statements to their departments concerning the circumstances that

21  led to the death of the decedent.  Instead, they choose to invoke their Fifth Amendment

22  right to remain silent and avoid possible self-incrimination.  Plaintiffs' counsel never

23  noticed the depositions of these deputies in an attempt to learn their version of the events.

24    4.    Thereafter, plaintiffs became dissatisfied with the progress of the litigation

25  and, on or about June 29, 2009, formally substituted the Law Offices of John Burton as

26  their counsel in place and instead of Messrs. Babitzke and Silva.  Mr. Burton subseqently

27  requested that attorney Peter M. Williamson of the Law Firm of Williamson & Krauss

28  serve as his co-counsel.  New counsel immediately sought to obtain the contents of the

1  file from prior counsel. On or about July 6, 2009, counsel received a box containing at
2  least 1,000 pages of loose documents which constituted the entire file of prior counsel.

3       5. At or around the time the case file was received, Mr. Burton and Mr.
4  Williamson were actively engaged and, for the most part consumed, by expert discovery
5  in the case of *Rosa vs. TASER, International*, Case No. C 05-03577 JF/HRL (United States
6  District Court, Northern District of California (San Jose), a complex products liability case
7  involving 20 designated experts. In both July and August, Mr. Burton and I spent
8  considerable time traveling to numerous places outside California to take the depositions
9  of the defense experts as well as attend the depositions of our own experts. Our travel
10  schedule required us to be out of the office on a regular basis. Mr. Burton is a sole
11  practitioner and Mr. Williamson has a single partner with limited support staff.

12       6. Because the expert deposition schedule in the Rosa case was so demanding,
13  it limited the time Messrs. Burton and Williamson had available to review the instant case
14  file.

15       7. In addition, on or about August 14, 2009, Mr. Burton suffered significant,
16  debilitating injuries when he was thrown from a horse. He suffered four rib fractures and
17  a comminuted fracture of his clavicle. He was hospitalized at Verdugo Hills Hospital in
18  Glendale, California for one week. Because of the painful nature of his injuries, Mr.
19  Burton has been forced to limit his working hours to only brief periods of time when he
20  can actively work on his cases. He has been advised by his doctors that it will take
21  between 3-4 months to fully recover from his injuries.

22       8. Mr. Williamson completed his own independent review of the Wells' case file
23  in mid-August, 2009. With Mr. Burton's consent, Mr. Williamson began his own
24  independent investigation of the case. Mr. Williamson personally traveled from Los
25  Angeles to Waterford, California (the location of the subject incident) and met with the
26  Wells family to review the facts and circumstances which led to the death of their son and
27  to obtain background information on the decedent. At that time, Mr. Williamson also
28  conducted a site inspection of the scene of this incident.

1    9.      Shortly after meeting with the Wells family, Mr. Williamson and Mr. Burton

2    retained the services of a private investigator to conduct a more through investigation of

3    this incident.  From July 31, 2009 to August 2, 2009, our investigator visited Waterford

4    and interviewed various eyewitnesses to the incident.  However, as yet, we have not

5    obtained a report of these interviews from our investigator.

6    10.     That as part of our assessment of the case file presented to us by prior

7    counsel, we conducted a cursory review of the Court's Scheduling Conference Order dated

8    November 20, 2008.  On the first page of that Order, the discovery cut-off date is noted

9    to be November 5, 2009.  That date was placed in our case calendars.  Relying on that

10   date, we failed to note that the non-expert discovery cut-off was September 1, 2009 and

11   the cut-off date to disclose expert witnesses was September 4, 2009.  However, even if

12   we had known about those dates, we would not have been prepared to comply with them

13   given our recent retention in the case.

14   11.     That we were not even aware of our misreading of the Court's Scheduling

15   Conference Order until September 4, 2009 when Mr. Williamson placed a telephone call

16   to Dan Farrar, attorney for the defendants.   Mr. Williamson placed that call in an effort

17   to obtain Mr. Farrar's agreement to extend the discovery cut-off date which we believed

18   was still two months away.  During Mr. Williamson's call, Mr. Farrar advised him of the

19   September 1st and 4th cut-off dates.

20   12.     That Mr. Williamson explained the reasons why we felt we had good cause

21   to request an extension of the discovery cut-offs and a continuance of the trial date.

22   13.     Although no witness depositions have been scheduled at this time, it is

23   anticipated that within days we will be noticing the depositions of at least 20 witnesses.

24   These include eyewitnesses to the incident, the defendant deputy sheriffs, the defendant

25   public works employees, emergency medical technicians and various other health-care

26   providers who rendered medical assistance to the decedent at the time of this incident and

27   the Medical Examiner who performed the autopsy on the decedent's body.

28

14.     That Mr. Farrar has advised us that he has at least two trials scheduled in October and November which will cause him to be unavailable for most of those months. We further understand that Mr. Farrar is a sole practitioner who has no one else available to attend depositions in the instant case.

15.     In light of these circumstances, the parties agree that more time is needed to adequately prepare this case for trial.  Therefore, the parties believe that good cause exists for the Court's current scheduling order to be modified.

## STIPULATION RE SCHEDULING ORDER

12.     Accordingly, the parties, by and through their respective attorneys of record, hereby stipulate, and respectfully request that this Court modify its scheduling order of November 20, 2008, to set the following dates and deadlines:

Discovery Cut-off date: March 31, 2010, or a date thereafter as the Court shall deem appropriate (*discovery must be completed, not merely noticed or served, by this date*);

Expert Designations per FRCivP 26(a) February 28, 2010.

Expert Discovery Cut-Off date: April 30, 2010, or a date thereafter as the Court shall deem appropriate (*discovery must be completed, not merely noticed or served, by this date*);

Non-Dispositive Motion Filing Cut-Off date: April 15, 2010, Hearing Date May 14, 2010 in Courtroom 10, in accordance with the Local Rules;

Dispositive Motion Hearing Cut-Off date: May 31, 2010, Hearing Date July 12, 2010 in Courtroom 3 in accordance with the Local Rules;

Settlement Conference date: July 29, 2010, in Courtroom 10, in  accordance with the Local Rules;

Pre-Trial Conference date: August 16,  2010 at 11:00AM in Courtroom 3.

Trial date: September 14, 2010.

//////////////

13.     It is further agreed that this Stipulation may be signed in counterpart and that a facsimile or electronic signature will be as valid as an original signature.

1    **IT IS SO STIPULATED.**

2    DATED:  September 10, 2009        LAW OFFICES OF DAN FARRAR

3

4

5                                     By:  ___/s/ DAN FARRAR_____
                                           DAN FARRAR
6                                          Attorney for Defendants

7

8    DATED:  September 10, 2009        LAW OFFICES OF JOHN BURTON

9

10

11                                    By:  ___/s/ JOHN BURTON_____
                                           JOHN BURTON
12                                         Attorney for Plaintiffs
                                           James & Judy Wells
13

14

15   DATED:  September 7, 2009         WILLIAMSON & KRAUSS

16

17

18                                    By:  _/s/ PETER M. WILLIAMSON____

19                                         PETER M. WILLIAMSON
                                           Attorney for Plaintiffs
20                                         James & Judy Wells

21

22

23

24

25

26

27                    **ORDER**

28   PURSUANT TO STIPULATION, IT IS SO ORDERED AS FOLLOWS:

1    Discovery Cut-off date is reset to March 31, 2010 (*discovery must be completed, not merely*
2    *noticed or served, by this date*);
3    Expert Discovery Cut-Off date is reset to April 30, 2010 (*discovery must be completed,*
4    *not merely noticed or served, by this date*);
5    Non-Dispositive Motion Filing Cut-Off date is reset to April 15, 2010;
6    Non-Dispositive Motion Hearing Date is reset May 14, 2010;
7    Dispositive Motion Hearing Cut-Off date is reset to May 31, 2010;
8    Dispositive Motion Hearing Date is reset July 12, 2010;
9    Settlement Conference date is reset to July 29, 2010;
10    Pre-Trial Conference date is reset to August 16, 2010; and
11    Trial date is reset to September 14, 2010.
12    **NO FURTHER CONTINUANCES.**
13
14    **IT IS SO ORDERED.**
15    DATED: September 14, 2009
16
17                                        /s/ OLIVER W. WANGER
                                          HONORABLE OLIVER W. WANGER
18
19
20
21
22
23
24
25
26
27
28