**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
Kristina M. Hall, SBN 196794
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF STANISLAUS, DEPUTY FRANK ALVES, DEPUTY J. WALSH, SHERIFF DEPUTY JOSHUA HOUTCHENS, PUBLIC WORKS EMPLOYEE STEVE GREEN, MATTHEW ERIKSON PUBLIC WORKS DIRECTOR FOR THE CITY OF WATERFORD, SHERIFF ADAM CHRISTIANSON

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALBERT WELLS and JUDY C. WELLS,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS; DEPUTY FRANK ALVES; DEPUTY J. WALSH; CITY OF WATERFORD; SHERIFF DEPUTY JOSHUA HOUTCHENS; PUBLIC WORKS EMPLOYEE STEVE GREEN; MATTHEW ERICKSON PUBLIC WORKS DIRECTOR FOR THE CITY OF WATERFORD; SHERIFF ADAM CHRISTIANSON TASER INTERNATIONAL; ROB JACKSON CHIEF OF POLICE SERVICES; and Does 1 through 25, inclusive.<br><br>Defendants.<br>_____/ | Case No. 1:08-CV-01146-OWW-GSA<br><br>**STIPULATED PROTECTIVE ORDER** |

Defendants COUNTY OF STANISLAUS, DEPUTY FRANK ALVES, DEPUTY J. WALSH, SHERIFF DEPUTY JOSHUA HOUTCHENS, PUBLIC WORKS EMPLOYEE STEVE GREEN, MATTHEW ERIKSON PUBLIC WORKS DIRECTOR FOR THE CITY OF WATERFORD and SHERIFF ADAM CHRISTIANSON (collectively hereafter "Defendants") in good faith believe that the following documents requested by Plaintiffs JAMES ALBERT WELLS and JUDY C. WELLS contain information that is (a)

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

1
STIPULATED PROTECTIVE ORDER
00756219.WPD

confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and, (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence:

    1.    Personnel records of Defendants Houtchens, Alves and Walsh;

    2.    Disciplinary history of Defendants Houtchens, Alves and Walsh;

    3.    Training records of Defendants Houtchens, Alves and Walsh;

    4.    Prior internal affairs investigations pertaining to and any history of citizens complaints asserted against Defendants Houtchens, Alves and Walsh;

    5.    The internal affairs and investigative file into the incident in this case.

IT IS HEREBY STIPULATED by, among and between the parties through their counsels of record that the documents described herein may be designated as "Confidential" by the COUNTY and produced subject to the following Protective Order:

    1.    The disclosed documents shall be used solely in connection with the civil cases of *Wells v. County of Stanislaus, et al.*, Case No. 1:08-CV-01146-OWW-GSA (USDC EDCA) and in the preparation and trial of the cases, or any related proceeding. Defendants do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial. Any documents submitted in any related litigation that were under seal remain under seal in this action.

    2.    A party producing the documents and materials described herein may designate those materials as confidential by affixing a mark labeling them "Confidential," provided that such marking does not obscure or obliterate the content of any record. If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agree upon by the disclosing and requesting parties.

    3.    Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

///

///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

2
**STIPULATED PROTECTIVE ORDER**
00756219.WPD

1         (a)    John Burton and Peter M. Williamson, and associate attorneys in the offices of each, as counsel for Plaintiffs JAMES ALBERT WELLS and JUDY C. WELLS in the case enumerated above.

      (b)    Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subpart (a) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

      (c)    Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

      (d)    Any expert, consultant or investigator retained in connection with this action;

      (e)    The finder of fact at the time of trial, subject to the court's ruling on *in limine* motions and objections of counsel; and,

      (f)    Witnesses during their depositions in this action.

4.    Prior to the disclosure of any Confidential information to any person identified in paragraph 3 and it subparts, each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge that he or she has read this Stipulated Protective Order and agrees to abide by its terms. Such person also must consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation any proceeding for contempt. Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. Plaintiffs shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given. Defendants may request the identities of said individual(s) upon the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiffs, or an agent thereof, has breached the terms of the Stipulated Protective Order.

///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

3
**STIPULATED PROTECTIVE ORDER**
00756219.WPD

1       5.      All documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, and all papers or documents containing information or materials designated as "Confidential" that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or information:

> This envelope is sealed pursuant to the order of the Court and contains Confidential information filed in this case by [name of party] and is not to be opened nor the contend thereof displayed or revealed except by order of the Court.

        6.      The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

        7.      A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential.  Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order.  The producing party shall have the burden of establishing the propriety of the "Confidential" designation.  A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

        8.      Copies of Confidential Documents

        The following procedures shall be utilized by the parties in production of documents and materials designated as "Confidential":

                (a)     Plaintiffs' counsel shall receive one copy of the Confidential documents at no charge to Plaintiffs.

                (b)     Plaintiffs' counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to any source, except those persons identified in Paragraph 3 herein, without further order of the Court or authorization from counsel for Defendants.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

4
**STIPULATED PROTECTIVE ORDER**
00756219.WPD

    (c) If Plaintiffs in good faith require additional copies of documents marked "Confidential" in preparation of their case, they shall make a further request to counsel for Defendants. Upon agreement with counsel for Defendants, copies will be produced in a timely manner to Plaintiffs, pursuant to the procedures of this Stipulated Protective Order. Agreement shall not be unreasonably withheld by counsel for Defendants.

    (d) Plaintiffs shall be billed for any additional copying of the Confidential documents beyond the first copy.

    (e) Defendants shall produce documents and material marked "Confidential" to Plaintiffs.

    (f) If any document or information designated as confidential pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with paragraph 5 of this Stipulated Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

  9. Notwithstanding the provisions of Paragraph 3, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

  10. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was inadvertently or

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

5
**STIPULATED PROTECTIVE ORDER**
00756219.WPD

1  unintentionally disclosed to a person not authorized to receive it under this Protective Order.

2      11.    After the conclusion of this litigation, all documents and materials, in whatever
3  form stored or reproduced containing confidential information will remain confidential, and
4  if filed with the Court shall remain under seal.  All documents and materials produced to
5  Plaintiffs pursuant to this Stipulated Protective Order shall be returned to counsel for
6  Defendants in a manner in which counsel will be able to reasonably verify that all documents
7  were returned.  All parties all agree to ensure that all persons to whom confidential
8  documents or materials were disclosed shall be returned to counsel for Defendants.
9  "Conclusion" of this litigation means a termination of the case following a trial or settlement.

10      12.    No later than 30 days after settlement or of receiving notice of the entry of an
11  order, judgment, or decree terminating this action, all persons having received the
12  confidential documents shall return said documents to counsel for Defendants.

13      13.    If any party appeals a jury verdict or order terminating the case, counsel for the
14  County shall maintain control of all copies of confidential documents.  If following an appeal
15  the district court reopens the case for further proceedings, the documents shall be returned
16  to counsel for Plaintiffs.

17      14.    This Stipulated Protective Order shall remain in full force and effect and shall
18  continue to be binding on all parties and affected persons after this litigation terminates,
19  subject to any subsequent modifications of this Stipulated Protective Order for good cause
20  shown by this Court or any Court having jurisdiction over an appeal of this action.  After this
21  action terminates, any party may seek to modify or dissolve this Stipulated Protective Order
22  by Court order for good cause shown or by the stipulation of the parties.

23      15.    The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to
24  make such amendments, modifications and additions to this Protective Order as it may from
25  time to time deem appropriate upon good cause shown; and, (b) to adjudicate any dispute
26  respecting the improper use or disclosure of confidential material.

27  ///

28  ///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

6
**STIPULATED PROTECTIVE ORDER**
00756219.WPD

1  Dated: February 3, 2010

3                                                  By   /s/ Peter M. Williamson (auth'd 2/2/2010)
                                                       Peter M. Williamson
4                                                      John Burton
                                                       Attorneys for Plaintiffs JAMES ALBERT
5                                                      WELLS and JUDY C. WELLS

7  Dated: February 3, 2010                         PORTER SCOTT
                                                   A PROFESSIONAL CORPORATION

10                                                 By   /s/ Terence J. Cassidy
                                                       COUNTY OF STANISLAUS, DEPUTY
                                                       FRANK ALVES, DEPUTY J. WALSH,
11                                                     SHERIFF DEPUTY JOSHUA
                                                       HOUTCHENS, PUBLIC WORKS
12                                                     EMPLOYEE STEVE GREEN,
                                                       MATTHEW ERIKSON PUBLIC
13                                                     WORKS DIRECTOR FOR THE CITY
                                                       OF WATERFORD and SHERIFF ADAM
14                                                     CHRISTIANSON

16                                        **ORDER**

17      Upon review, the Court hereby adopts the stipulated protective order signed by the
18  parties.

20      IT IS SO ORDERED.

21      **Dated:   February 4, 2010**              /s/ **Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE